[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The parties intermarried on March 10, 1990 in Bridgeport, Connecticut. They have resided continuously in this state since that time. There is one minor child issue of the marriage: Olivia Marie Collins, born June 20, 1997.
The evidence presented at trial has clearly established the allegation that the marriage has irretrievably broken down. Judgment may enter dissolving the marriage on that ground.
The court has carefully considered the criteria set forth in §§ 46b-56, 46b-81, 46b-82 and 46b-84 C.G.S. in reaching the decisions reflected in the orders that follow.
The parties have been married for approximately nine years. The plaintiff is 34 years of age and in good health. She has been employed as a medical technologist for the past 10 1/2 years. CT Page 604
The defendant is 33 years of age and in good health. He completed his college education after the parties married and obtained a degree in math. As a result of a criminal investigation, the defendant has lost his insurance license.
The defendant failed to fully comply with the disclosure and discovery requests. He brought no documents to court for this trial. Four years into the marriage, he told the plaintiff he was the father of a child born from a prior relationship. He periodically supports this child. The defendant testified he was laid off from his employment with Charles W. Warner Co. when in fact he was terminated due to his scheduling conflicts. The defendant had a draw of $962 per week while employed at Charles W. Warner Co.
The defendant claims his mother, a home health aide, has started a building contracting company and he is employed there earning $240 per week. The defendant has not paid on his car lease for the past six or seven months, although he lists this as an expense on his financial affidavit. The defendant testified he is living at home and has minimal expenses.
The plaintiff had an inheritance of $25,000 at the time of her marriage. The parties used these funds for payments on credit cards, assistance to defendant for college expenses and immigration expenses. In 1998, the parties received a tax refund of $5,000 and the plaintiff took out a $5,000 hardship withdrawal from her pension and the parties lived on that money during a brief reconciliation period.
In 1997, the defendant signed the plaintiff's name to a loan from Norwest Finance co. The balance due on this loan is $1400. The defendant has not made payments on this loan as ordered.
The defendant had a good income year in 1993 when he earned approximately $52,000. Thereafter, his income decreased by approximately $10,000 each year. In 1995, he earned $18,000 and in 1996 he earned $8,000 from Met Life. The defendant contributed $10,000 towards the purchase of the marital home in 1993. The plaintiff, however, has been the main support of the family throughout the majority of the marriage.
The defendant claimed the Fifth Amendment when questioned about his extramarital affairs. CT Page 605
The court finds a certain lacking of credibility on the part of the defendant.
After the birth of their child, the parties lived off their credit cards and both now have significant credit card debts.
In September 1995, the plaintiff became ill with a communicable disease which she received from the defendant.
No useful purpose would be served by a review of an the evidence presented by the parties in this matter.
Unfortunately, the parties were unable to reconcile their differences. The court declines to assess fault to either party for the breakdown of the marital relationship.
The court has carefully considered the statutory criteria in reaching the decisions reflected in the orders that follow.
CUSTODY
There shall be joint legal custody of the minor child, with sole physical custody to the mother.
VISITATION
The father shall have reasonable rights of visitation with the minor child to include the following:
1. Saturday from two p. m. to five p. m. In the event the mother is working on a Saturday, then the defendant shall have visitation on Saturday from eight a.m. to 1:30 p. m.
2. The father shall have visitation one Sunday per month from nine a.m. to 1:30 p. m.
3. The parents shall share major holidays and special events as they shall agree.
4. The father shall have reasonable visitations on weekdays as the parties shall agree and provided it does not interfere with any preplanned activities that the mother has planned with the minor child. CT Page 606
CHILD SUPPORT
1. The defendant has a college degree in math. He is knowledgeable with a computer. He has an ability to earn more than the $240 per week he claims on his financial affidavit. It is alleged that the defendant's mother, a home health aide, owns and runs the business. No verification or evidence was presented concerning this allegation, nor were any pay stubs or work records presented to verify the defendant's income. The defendant lives with his mother and shows very few expenses. He is not paying on his car lease nor on any of his loans including the loan to Norwest Finances. He is in arrears on the pendente lite orders.
2. The child support guidelines indicate a child support order of $60 per week based on the parties' financial affidavits.
3. The court finds sufficient reason to deviate and enters an order of child support in the amount of $100 per week.
4. An immediate withholding is ordered to secure this weekly order.
5. Upon conclusion of the defendant's criminal matter or when the defendant secures better and more realistic employment, the award of child support shall be reviewed, upon motion by either party.
REAL ESTATE
1. The marital home located at 48 Concord Avenue, Milford, Connecticut is under contract for sale and a closing is anticipated for February 11, 1999.
The plaintiff shall have exclusive possession of the marital home until it is sold.
2. Upon the sale of the premises, after the payment of the mortgage, real estate commission, attorney's fees and usual and customary closing costs, the net proceeds shall be divided 70% to the plaintiff and 30% to the defendant.
3. The defendant shall execute the necessary documents including the appropriate deed in connection with the real estate closing and shall co-operate with the closing attorney. CT Page 607
4. The defendant shall remove all of his personal property and belongings from the marital home by January 22, 1999. Any property of the defendant remaining at the marital home after January 22, 1999 shall be considered the sole property of the plaintiff. The personal property consists of the stereo and other items the parties have agreed upon.
5. The court shall retain jurisdiction over any disputes arising out of the sale of the marital property.
6. Counsel for the defendant shall provide a properly executed release of Lis Pendens to the closing attorney on or before the closing date.
ARREARS
The court finds an arrearage of $1200 on the Pendente Lite orders. Said arrears of $1200 shall be paid to the plaintiff from the defendant's net proceeds from the sale of the marital home.
ALIMONY
The defendant shall pay to the plaintiff as periodic alimony, the sum of $1. per year for a period of five years or until the death of the plaintiff, her remarriage or cohabitation as defined by the statute, or the death of the defendant, whichever event shall first occur.
MEDICAL COVERAGE
The plaintiff shall maintain medical insurance coverage for the benefit of the minor child as is available at a reasonable cost to her through her employment. Any unreimbursed medical expenses shall be equally divided between the parties.
COBRA
The defendant shall be entitled to COBRA benefits as are available through the plaintiff's employment, at the defendant's expense.
LIFE INSURANCE
The defendant shall obtain Life Insurance at a cost not to CT Page 608 exceed $500 per year and shall name the plaintiff and the minor child as beneficiaries thereon for so long as he has an obligation for alimony and/or child support. This provision shall be modifiable. The court retains jurisdiction over any disputes arising out of this provision.
DEBTS
1. Each party shall be responsible for the debts as listed on their respective financial affidavit and shall hold the other harmless thereon.
2. The defendant shall pay off the Norwest Financial debt on which he signed the plaintiff's name, in full from his net proceeds received from the sale of the marital home.
3. The defendant shall hold the plaintiff harmless from any and all liability arising out of the criminal investigation of the defendant. This obligation, if any, shall not be discharged in Bankruptcy.
4. The defendant shall hold the plaintiff harmless from any unpaid taxes due on the Federal and State Income tax returns which were jointly filed, as a result of the defendant's income reporting.
PERSONAL PROPERTY
1. The plaintiff shall be entitled to the furniture and furnishings contained in the marital home except as otherwise disposed of herein.
2. The plaintiff shall be entitled to her retirement benefits and the defendant shall have no claim thereto.
3. The defendant shall be entitled to any retirement benefits he may have and the plaintiff shall have no claim thereto.
TAX EXEMPTION
The plaintiff shall be entitled to claim the minor child as a dependent for Income tax purposes. This provision shall be modifiable.
COPPETO, J. CT Page 609